IN THE UNITED STATED DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ROBIN STALLINGS, individually and as Special Representative of the Estate of Louis Stallings, | )<br>)<br>) |
| Plaintiff, | ) Case No. 6:15-cv-03143-MDH |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant's Motion to Dismiss (Doc. 5). Defendant moves to dismiss this action for lack of subject matter jurisdiction because, as Defendant argues, the Federal Employees Compensation Act (FECA) is Plaintiff's exclusive remedy for the harms at issue in this case and, therefore, bars the Federal Tort Claims Act (FTCA) claims asserted in Plaintiff's Complaint.[1] Plaintiff argues dismissal is inappropriate because (1) FECA Section 8116(c) provides an affirmative defense or a limitation on the court's remedial powers rather than a limitation on jurisdiction, and (2) FECA preemption is inappropriate based on statutory construction and Equal Protection concerns.

Upon review of the allegations made in Plaintiff's complaint, along with the administrative documents submitted by Defendant[2] and the relevant case law, the Court finds

---

[1] Plaintiff alleges her husband worked for McAlester Army Ammunition Plant / Department of the Army and suffered catastrophic personal injuries and wrongful death while working at the Fort Leonard Wood Spur in Fort Leonard Wood, Missouri on June 6, 2012. Plaintiff brings this action against the United States under the FTCA for alleged intentional and willful misconduct that resulted in the death of her husband. Plaintiff seeks to recover for "permanent loss of consortium damages, loss of companionship, loss of household services, economic damages, loss of work and wage loss, and loss of enjoyment of life" and for her husband's "conscious pain and suffering[.]"

[2] In considering a motion to dismiss under Rule 12(b)(1), the court may consider documents outside the pleadings. *See generally Osborn v. United States*, 918 F.2d 724, 728–30 (8th Cir. 1990).

1

Plaintiff's claims should be dismissed for lack of subject matter jurisdiction. As the Supreme Court explained, FECA serves as the quid pro quo typically found in workers' compensation statutes for federal employees – i.e. "employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94, 103 S. Ct. 1033, 1036, 74 L. Ed. 2d 911 (1983); *see also Knowles v. United States*, 91 F.3d 1147, 1150 (8th Cir. 1996) ("FECA supplants liability that would otherwise exist under the FTCA for on-the-job injuries suffered by government employees."). The Supreme Court has stated that FECA's exclusive liability provision "was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." *Lockheed*, 460 U.S. at 193-94. Because FECA "contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage . . . the courts have *no jurisdiction* over FTCA claims where the Secretary determines that FECA applies." *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90, 112 S. Ct. 486, 493, 116 L. Ed. 2d 405 (1991) (emphasis added).

Based on the foregoing, the Eighth Circuit has affirmed the dismissal of FTCA claims for lack of subject matter jurisdiction where the federal employee or his/her spouse is receiving benefits under FECA. *See, e.g., Eubank v. Kansas City Power & Light Co.*, 626 F.3d 424, 429-30 (8th Cir. 2010); *Pourier v. United States*, 138 F.3d 1267, 1267 (8th Cir. 1998). Other appellate courts[3] and other district courts within this circuit[4] have made similar findings. Here, it

---

[3] *See, e.g., Mathirampuzha v. Potter*, 548 F.3d 70, 81 (2d Cir. 2008) (noting that "[b]ecause the FECA is an 'exclusive' remedy, id. § 8116(c), it deprives federal courts of subject-matter jurisdiction to adjudicate claims brought under the FTCA for workplace injuries that are covered by the FECA."); *Gill v. United States*, 471 F.3d 204, 209 (1st Cir. 2006) (affirming dismissal of FTCA claim for lack of jurisdiction because claims were covered by FECA); *Tippetts v. United States*, 308 F.3d 1091, 1094 (10th Cir. 2002) (explaining that "[i]f a claim is covered by the FECA, the court is without jurisdiction to consider its merits . . . [t]he Secretary's determination that the FECA applies forecloses an FTCA claim" and that, therefore, "[i]f the FECA applies, the FTCA claim must be dismissed

2

is clear from the administrative record and it is undisputed by the parties that Plaintiff was awarded FECA survivor's benefits beginning in June of 2012. Because the Secretary has determined FECA applies to Plaintiff's circumstances, the Court is without subject matter jurisdiction over Plaintiff's FTCA claim(s). Accordingly, the Court hereby **DISMISSES** this case for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
Dated: August 31, 2015                                  */s/ Douglas Harpool* _____
                                                        **DOUGLAS HARPOOL**
                                                        **UNITED STATES DISTRICT JUDGE**

---

even if benefits are not actually awarded by the Secretary"); *Saltsman v. United States*, 104 F.3d 787, 789 (6th Cir. 1997) (affirming District Court's dismissal where it found the FECA preempted plaintiffs' FTCA claims and therefore prevented FTCA from providing a statutory basis for federal jurisdiction); *Ezekiel v. Michel*, 66 F.3d 894, 898 (7th Cir. 1995) (noting that "by reason of the FECA's judicial door-closing provision, the district court would be without subject matter jurisdiction to entertain Ezekiel's action if it were to be found to be an action against the Government under the FECA").

[4] *See, e.g., Long v. Rolufs*, No. 4:11-CV-1069 NAB, 2012 WL 3263965, at *3 (E.D. Mo. Aug. 9, 2012) ("Because Rolufs accepted FECA benefits, he does not have a cause of action against the United States under the FTCA or any other statute. . . . The United States has therefore not waived its sovereign immunity, and this Court lacks subject matter jurisdiction over Long's claim."); *Lemley v. U.S.-U.S. Air Force*, No. 8:09CV453, 2010 WL 1949584, at *3 (D. Neb. May 11, 2010) ("Where FECA furnishes an exclusive remedy, a district court lacks subject matter jurisdiction over a plaintiff's claims against the United States under the FTCA."); *Klescewski v. United States*, 843 F. Supp. 543, 545-46 (D.S.D. 1993) ("In this case, Edward Klescewski has been receiving FECA benefits since the fall of 1992. This establishes not only the applicability of FECA to his alleged emotional injuries, but also the exclusive nature of FECA under 5 U.S.C. § 8116(c). FECA contains an unambiguous and comprehensive provision barring any judicial review of the Secretary's determination of FECA coverage ... Consequently, the courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies. FECA also precludes Darla Klescewski's claim for loss of consortium. 5 U.S.C. § 8116(c) provides that the United States' liability under FECA is exclusive and instead of all other liability of the United States ... to the employee, his legal representative, spouse, dependents, ... Therefore, compensation under FECA to Edward Klescewski precludes a FTCA claim by Darla Klescewski for loss of consortium." (internal citations and quotations omitted)).